UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY ANGELO MENDOZA,<br><br>            Plaintiff,<br><br>    v.<br><br>RUBACAVA, *et al.*,<br><br>            Defendants. | Case No.  1:25-cv-00587-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Ricky Angelo Mendoza ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for preliminary injunction, filed September 19, 2025.  (ECF No. 9.)  Plaintiff contends that institution staff is denying access to the court and frustrating his ability to file this claim.  Plaintiff asserts that the docket sheet states that consent forms were served on the institution by e-file and the due date was June 23, 2025.  However, the documents were not issued to Plaintiff until August 8, 2025.  Plaintiff further asserts that the institution is attempting to sabotage his claims by allowing timeframes to expire,

1

1   and it willfully held onto Plaintiff's legal work from May 19, 2025, to August 8, 2025.  Plaintiff
2   additionally claims that the motion was served "without a signing of receiving through legal mail
3   acknowledging date served to avoid accountability." (*Id.* at 2.)
4         Plaintiff requests "that due to [the] fault being completely on the conduct of the institution
5   that the late submittance be counted as timely and no adverse implication be counted against
6   plaintiff's good faith." (Doc. 9 at 2.)  Plaintiff also indicates that it stated in the docket that
7   Plaintiff did not request "Demand for Jury Trial." Plaintiff asks if this can be corrected as he did
8   "Demand for Jury Trial." (*Id.*)  Plaintiff also asks the Court to review another matter filed in this
9   Court in which the facility reportedly did the exact same thing and "an order to show cause on
10  why not to dismiss was issued." (*Id.*)

11  **II.      Motion for Preliminary Injunction**

12        "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*
13  *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a
14  preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
15  suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
16  favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction
17  may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation
18  omitted).
19        Federal courts are courts of limited jurisdiction and in considering a request for
20  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
21  have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);
22  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.
23  464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no
24  power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18
25  U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find
26  the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation
27  of the Federal right, and is the least intrusive means necessary to correct the violation of the
28  Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

The injunctive relief that Plaintiff seeks in this action is unclear, but it appears that he is complaining about delayed receipt of mail sent to him by the Court, and he is requesting that a recent filing be accepted as timely and that a purported notation on the docket regarding his demand for a jury trial be corrected. To the extent Plaintiff is seeking injunctive relief, Plaintiff has not met the requirements for such relief. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaint has not yet been screened, and this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any defendant or any other prison staff at any CDCR institution, and it cannot issue an order requiring them to take or forbid them from taking any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balances of equities tips in his favor, or that an injunction is in the public interest. To the extent Plaintiff is concerned about delays in his receipt of mail from the Court resulting in missed deadlines, Plaintiff is not precluded from requesting appropriate extensions of time supported by good cause. Moreover, because the Court has not yet screened the complaint, there are no currently outstanding Court-ordered deadlines. As a final matter, to the extent Plaintiff seeks to correct a notation on the docket regarding his demand for jury trial, the Court has not identified any such notation.

### III. Order and Recommendation

Accordingly, the Court HEREBY ORDERS that the Clerk of the Court randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 9), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __September 22, 2025__     /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE

4